IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. JKB-14-0057 |
| MORYNE LOUDEN, | |
| Defendant. | |

GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS

Now comes the United States of America by its counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Christopher Flagg, Special Assistant United States Attorney for said District, and responds to Defendant's Motion to Suppress in the above-captioned matter and in support say as follows:

I. PROCEDURAL BACKGROUND

On February 5, 2014, the United States Grand Jury returned a one-count indictment against Mr. Louden charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The matter has been set for a motions hearing with a date to be determined. Mr. Louden has moved to suppress evidence seized by Baltimore Police Department officers during an October 11, 2013 encounter when officers found a Bersa Mini 40 Firestorm .40 caliber pistol bearing serial number 714014, loaded with six live .40 caliber Smith & Wesson cartridges on from Mr. Louden's person. Mr. Louden has also moved to suppress statements obtained by officers in connection with his arrest on October 11, 2013.

II. FACTUAL BACKGROUND

On October 11, 2013, Baltimore Police Department Officers ("Ofc.") Brendon Reed, Frank Friend, Fabien Laronde, and Joel Fried were on patrol in the Southwest Police District of

1

Baltimore. The officers were in an unmarked police vehicle operating in a plain-clothes capacity wearing vests marked "POLICE" on both the front and rear. At approximately 10:00 p.m., the officers were stopped at a red light in the Unit block of South Hilton Street facing northbound. The officers, based upon their personal experience, knew this area to be an area associated with violent crime and street-level drug activity.

While stopped at the traffic light in the Unit block of South Hilton Street, approximately three cars away from the intersection, Ofc. Reed observed a blue Ford Windstar facing westbound in the 3200 block of West Baltimore Street. The van was stopped by the curb near the stop bar at the intersection of South Hilton Street and West Baltimore Street. Ofc. Reed observed a male wearing a black jacket, black shirt, and black jeans, later identified as the Moryne Louden, approach the driver's side door of a blue Ford Windstar. As Mr. Louden approached the Windstar, the driver rolled down the driver's side window. The driver, later identified as Shabrea Mayo, and Mr. Louden engaged in a brief conversation before Mr. Louden walked around to the passenger side of the Windstar and entered the front passenger's seat. Within a few seconds of Mr. Louden entering the Windstar, officers observed a second male, later identified as Keith Mckelvin, approach the Windstar and enter through the rear passenger's side sliding door.

The officers , suspecting that a hand-to-hand drug transaction was about to occur, waited for the light to turn green and pulled their vehicle in front of the Windstar in order to investigate further. The officers activated their lights and exited their vehicle. Ofc. Reed and Ofc. Friend approached the passenger's side, while Ofc. Laronde and Ofc. Fried approached the driver's side. As Ofc. Friend neared the front passenger's side door, Mr. Louden quickly opened the door and began to step out of the Windstar. As Mr. Louden exited the Windstar, Ofc. Friend and Ofc.

2

Reed detected the odor of burnt marijuana emanating from within the Windstar. Ofc. Friend asked Mr. Louden who had the marijuana and Mr. Louden replied: "No one. We just finished smoking. You can check me." Ofc. Friend conducted a pat down of Mr. Louden and immediately felt the grip of what he believed to be a firearm protruding from Mr. Louden's waistband. Contemporaneous with Ofc. Friend's discovery of the suspected firearm, Mr. Louden exclaimed: "I have a gun on me. I have a gun." Ofc. Friend notified his fellow officers of the firearm and Mr. Louden was restrained by Ofc. Reed. Ofc. Friend then recovered the suspected firearm from Mr. Louden and found it to be a Bersa Mini 40 Firestorm .40 caliber handgun. The rear seat passenger, Mr. Mckelvin, was asked to exit the vehicle. After Mr. Mckelvin exited the Windstar, Ofc. Reed observed what appeared to be loose tobacco and a zip lock bag containing a green plant material, suspected to be marijuana, on the floorboard area between the front seats. Ofc. Reed recovered the bag of suspected marijuana and Mr. Mckelvin and Ms. Mayo were placed under arrest for possession of a controlled substance.

### III. ARGUMENT

Defendant Moryen Louden challenges the October 11, 2013 pat down and search of his person. Mr. Louden claims that the officer conducting the pat down and search lacked reasonable suspicion or probable cause to justify his actions. Additionally, Mr. Louden claims he never consented to the officer's pat down or search. Based upon this, Mr. Louden moves to suppress the evidence seized and statements obtained as a result of the pat down and search.

#### A. REASONABLE SUSPICION EXISTED TO JUSTIFY THE FURTHER INVESTIGATION OF THE PARKED VEHICLE.

An officer may stop and briefly detain a person for investigative purposes when there is "reasonable suspicion," based on articulable facts, that criminal activity is afoot. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Whether there is

reasonable suspicion depends on the "totality of the circumstances," including the information known to the officer and any reasonable inferences to be drawn at the time of the stop. *United States v. Arvizu*, 534 U.S. 266 (2002); *United States v. Branch*, 537 F.3d 328, 336 (4th Cir. 2008). The question of what constitutes reasonable suspicion requires a common sense analysis, where credit is given to "the practical experience of officers who observe on a daily basis what transpires on the street." *United States v. Lender*, 985 F.2d 151, 154 (4th Cir. 1993). Additionally, "officers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation." *Wardlow*, 528 U.S. at 124 (stating that "we have previously noted the fact that the stop occurred in a 'high crime area' among the relevant contextual considerations in a *Terry* analysis.") (citing *Adams v. Williams,* 407 U.S. 143, 144, 147–148 (1972)).

On October 11, 2013, the officers possessed reasonable suspicion to stop and briefly detain Mr. Louden. Based upon their knowledge of and experience in this particular part of Baltimore City, as well as their experience investigating drug activity, the officers had ample grounds to believe they were witnessing a potential drug transaction. These officers were personally aware of recent criminal activity that had occurred in the area around the intersection of West Baltimore Street and South Hilton Street. Specifically, officers knew the area to be an area known for violent crime and drug activity. This information properly informed their interpretation of the activity that they witnessed. *See United States v. Christmas*, 222 F.3d 141, 145 (4th Cir. 2000) (stating that although "presence in a high crime area is not alone sufficient to justify a *Terry* stop, the fact that the stop occurred in a high crime area is among the relevant contextual considerations in a *Terry* analysis.") (internal citations omitted). When Mr. Louden approached the driver's side of the Windstar and engaged in a brief conversation with the driver

before entering the Windstar, the officers interpreted that conduct as consistent with that of an individual engaged in a potential drug transaction. Based upon what they had witnessed, the officers pulled their vehicle in front of the parked Windstar to investigate further.

### B. THE DEFENDANT CONSENTED TO A SEARCH OF HIS PERSON BY THE OFFICERS AND HIS STATEMENTS WERE VOLUNTARY.

It is well recognized that valid consent is an exception to the Fourth Amendment's general warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Trulock v. Freeh*, 275 F.3d 391, 401 (4th Cir. 2001). The Court makes a determination regarding whether or not consent was knowing and voluntary based upon a "totality of the circumstances," which the government must prove by a preponderance of the evidence. *United States v. Buckner*, 473 F.3d 551, 554 (4th Cir. 2007).

As the officers approached, Mr. Louden opened the passenger's side door and exited the vehicle without being asked to do so by the officers. Immediately upon Mr. Louden opening the door, Ofc. Friend and Ofc. Reed, based upon their training and experience, detected the odor of burnt marijuana emanating from the vehicle. In response to this olfactory observation, Ofc. Friend asked Mr. Louden who had the marijuana. Mr. Louden responded "No one. We just finished smoking. You can check me." Ofc. Friend had not requested to search Mr. Louden, nor had he given any indication that he intended to do so. Ofc. Friend merely asked a question of Mr. Louden based upon the odor of marijuana that he immediately smelled upon Mr. Louden's exit from the Windstar. Based upon this volunteered consent, Ofc. Friend conducted a pat down of Mr. Louden. There is no evidence to indicate that Mr. Louden's decision to volunteer consent to search was anything other than knowing and voluntary given that he was never even asked to provide this consent.

As a result of this pat down, Ofc. Friend felt an object which he recognized to be the grip of a handgun. When the officer grabbed hold of the suspected handgun, Mr. Louden stated "I have a gun on me. I have a gun." Given that the pat down of Mr. Louden was done based upon a valid consent to search, there are no grounds to suppress the statements volunteered by Mr. Louden.

## IV.   CONCLUSION

For the foregoing reason, the Defendant's Motion to Suppress should be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: ___/s/___
Christopher Flagg
Special Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201-2692
(410) 209-4800

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of July 2014, a copy of the foregoing motion was sent to counsel of record via ECF.

___/s/___
Christopher Flagg
Special Assistant United States Attorney