IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | **CRIMINAL NO. JKB-14-57** |
| **MORYNE LOUDEN,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

On April 21, 2014, Defendant filed a motion to suppress evidence. (ECF No. 15.) The Government filed a response in opposition on July 10, 2014 (ECF No. 25), and the Court held a hearing on December 15, 2014. For the reasons set out below, and especially for those stated in open court on December 15, Defendant's motion will be granted.

On the evening of October 11, 2013, Baltimore City police officers uncovered evidence of Mr. Louden's use and possession of marijuana, and illegal possession of a firearm. This evidence, however, was discovered only *after* the officers had conducted a traffic stop. The Court has determined that this stop was an unlawful seizure—under the Fourth Amendment—of both the vehicle itself and the occupants of the vehicle.

First, as explained in the Court's oral ruling, the officers stopped, and thus seized, the vehicle. *U.S. v. Digiovanni*, 650 F.3d 498, 506 (4th Cir. 2011) (citing *Whren v. United States*, 517 U.S. 806, 809-10 (1996)) ("When a police officer stops an automobile and detains the occupants briefly, the stop amounts to a seizure within the meaning of the Fourth Amendment."). Second, the officers' seizure of this vehicle was not justified by reasonable suspicion. "Because

a traffic stop is more analogous to an investigative detention than a custodial arrest, we treat a traffic stop, whether based on probable cause or reasonable suspicion, under the standard set forth in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)." *Digiovanni*, 650 F.3d at 506.  As discussed at length in the oral ruling, this seizure occurred *just prior* to when the officers developed reasonable suspicion.  Accordingly, the stop—the seizure—was illegal.  Thus, all evidence that was subsequently uncovered was tainted by the officers' unlawful seizure, and must be suppressed as fruit of the poisonous tree.  *Terry v. Ohio*, 392 U.S. 1, 15 (1968); *Wong Sun v. U.S.*, 371 U.S. 471 (1963).

Accordingly, it is ORDERED that Defendant's motion to suppress evidence (ECF No. 15) is GRANTED.  The Court ORDERS that the following evidence is SUPPRESSED:

1. the faint smell of marijuana before the seized vehicle's door had opened;
2. the strong smell of marijuana after the seized vehicle's door had opened;
3. all statements made by Defendant, including Defendant's apparent consent to a search, in response to Officer's Friend asking "who had the marijuana?" (ECF No. 25 at 3);
4. Officer Friend's detection of a firearm on Mr. Louden's person;
5. the firearm itself;
6. Mr. Louden's apparent admission that he possessed a firearm; and
7. the bag of marijuana discovered in the seized vehicle.

DATED this 16th day of December, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge